922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick C. MCCLURKIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3450.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1990.*
Decided Jan. 7, 1991.
 
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Patrick McClurkin was a lawyer who became involved in a large scheme to defraud insurance companies by staging fake automobile accidents and initiating fraudulent personal injury claims. On October 23, 1987, McClurkin pled guilty to two counts of mail fraud in violation of 18 U.S.C. Sec. 1341 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. 21 371.
 
 
 2
 McClurkin brought a habeas corpus petition under 28 U.S.C. Sec. 2241. The district court treated McClurkin's petition as a petition brought under 28 U.S.C. Sec. 2255 because McClurkin was attacking the jurisdiction of the federal court that sentenced him to a term of imprisonment. The district court denied McClurkin's request for relief.
 
 
 3
 McClurkin brought this timely appeal challenging the district court's dismissal of his petition. He raises two issues on appeal. First, he maintains that the petition was properly brought under Sec. 2241 and that the district court erred by treating it as a Sec. 2255 petition. Second, McClurkin claims that his acts were not committed within the territorial jurisdiction of the United States, but exclusively within the territorial jurisdiction of the individual states. Therefore, McClurkin alleges that the district court lacked jurisdiction to enter a valid conviction.
 
 II.
 
 4
 McClurkin's arguments are without merit. The district court properly treated McClurkin's petition as a motion under 28 U.S.C. Sec. 2255. Section 2255, on its face, provides relief for prisoners who are in federal custody by virtue of a conviction entered in federal court and who are challenging the jurisdiction of a federal court.
 
 
 5
 McClurkin also argues tha his conviction is invalid because federal territorial jurisdiction was lacking. He points to 18 U.S.C. Sec. 5 which defines territorial jurisdiction. This section provides:
 
 
 6
 The term "United States", as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.
 
 
 7
 McClurkin attempts to argue that this provision applies only to federal lands where jurisdiction has been ceded by the states. His argument is fundamentally flawed because 18 U.S.C. Sec. 5 does not require that the jurisdiction of the United States be exclusive before territorial jurisdiction will attach.
 
 
 8
 The United States Supreme Court has held that the mail fraud state is a valid congressional enactment. See McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875 (1987); Parr v. United States, 363 U.S. 372 (1960). This confers at least subject matter jurisdiction to the United States. These cases have not specified that such jurisdiction is territorial. However, because the United States has jurisdiction to enact the mail fraud statutes, territorial jurisdiction attaches through 18 U.S.C. Sec. 5 which specifies that territorial jurisdiction includes all places subject to United States jurisdiction.
 
 
 9
 18 U.S.C. Sec. 3231 defines the jurisdiction of the United States district courts. This section provides:
 
 
 10
 The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
 
 
 11
 Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.
 
 
 12
 McClurkin was charged and convicted of offenses violating the laws of the United States. Clearly, the district court properly exercised its jurisdiction in this case.
 
 The decision of the district court is
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record